# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (hereinafter, the "Agreement") is made by and among Yana Arutyunyan, her heirs, administrators, executors, representatives, agents, and assigns (hereinafter, "Arutyunyan"), Stephanie Barber, her heirs, administrators, executors, representatives, agents, and assigns (hereinafter, "Barber") (Arutyunyan and Barber are referred to hereinafter collectively as "Plaintiffs"), and Abercrombie & Fitch Stores, Inc., its current and former officers, directors, employees, affiliates, agents, attorneys, consultants, independent contractors, subsidiaries, parent companies, predecessors, successors, and assigns (hereinafter, "Abercrombie" or the "Company"). Plaintiffs and the Company are referred to collectively herein as "the Parties."

WHEREAS, Plaintiffs are individuals formerly employed by the Company; and

WHEREAS, Plaintiffs have made certain allegations and accusations concerning their employment with the Company in a lawsuit captioned <u>Yana Arutyunyan and Stephanie Barber v. Abercrombie & Fitch Stores, Inc., et al.</u>, Case No. 1:13-00344 SPB, in the United States District Court for the Western District of Pennsylvania (hereinafter, the "Litigation"); and

WHEREAS, the Parties now desire to fully and completely settle and dispose of any and all claims of whatever kind or nature Plaintiffs ever had, or may now have, whether known or unknown, against the Company; and

WHEREAS, this Agreement is the product of negotiation and compromise between Plaintiffs and the Company; and

WHEREAS, Plaintiffs have been afforded an adequate opportunity to read and consider the terms of this Agreement, and have had an opportunity to consult with their attorneys, and have carefully considered alternatives to executing this Agreement and understand and agree that this Agreement settles, bars and waives any and all claims that they have or could possibly have against Abercrombie, including the claims that were raised or could have been raised in the Litigation;

NOW, THEREFORE, Plaintiffs and the Company, for the good and valuable consideration stated below, the sufficiency of which is acknowledged, agree as follows:

1. <u>Settlement Amount</u>. In exchange for Plaintiffs' promises contained herein, the Company agrees to pay to Plaintiffs a total sum of $17,000.00 (hereinafter, the "Settlement Amount"). The Settlement Amount shall constitute the entire consideration to be paid by the Company in full and complete satisfaction of each and every claim of Plaintiffs against the Company and as consideration for this Agreement.

   1.1. <u>Payment of Settlement Amount</u>. The Settlement Amount shall be paid as follows:



    1.1.1 One check made payable to "Yana Arutyunyan" in the amount of $1,250.00 as alleged lost wages, subject to applicable withholdings and reported on IRS Form W-2.

    1.1.2 One check made payable to "Yana Arutyunyan" in the amount of $1,250.00 as alleged liquidated damages, and reported on IRS Form 1099.

    1.1.3 One check made payable to "Stephanie Barber" in the amount of $2,000.00 as alleged lost wages, subject to applicable withholdings and reported on IRS Form W-2.

    1.1.4 One check made payable to "Stephanie Barber" in the amount of $2,000.00 as alleged liquidated damages, and reported on IRS Form 1099.

    1.1.5 One check made payable to John Linkosky, Esq. in the amount of $4,000.00, and reported on an IRS Form 1099.

    1.1.6 One check made payable to Joseph Chivers, Esq. in the amount of $6,500.00, and reported on an IRS Form 1099.

   1.2. __Payment of Taxes__. Plaintiffs agree to be solely liable for any and all income tax, employment taxes or other taxes or assessments owed by them in connection with any payment made pursuant to this Agreement. Plaintiffs agree to indemnify the Company for any and all liabilities, including penalties and interest, that may be assessed by any taxing authority in connection with any payments made to Plaintiffs pursuant to this Agreement.

   1.3. __Timing of Payment__. The Settlement Amount shall be paid reasonably promptly after the Litigation is dismissed with prejudice as set forth in paragraph 2 below. Defendant will make good faith efforts to pay the amounts stipulated above within 10 days of the signing of the Agreement, but in no case prior to the Court's dismissal of the case with prejudice.

   2. __Dismissal With Prejudice__. Prior to receiving the Settlement Amount, Plaintiffs shall cause to be filed a Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice in the United States District Court for the Western District of Pennsylvania, seeking an Order from the Court approving this settlement and dismissing all of Plaintiffs' claims in the Litigation with prejudice, with the Parties bearing their own fees and costs except as otherwise set forth herein.

   3. __Release__. In consideration of the payments provided for herein and other promises contained in this Agreement, Plaintiffs, on behalf of themselves and their heirs, estates, personal representatives, administrators, agents, assigns, and all other persons claiming by or through them, voluntarily and knowingly release the Company, completely and forever, from any and all claims and causes of actions of any kind and nature that may be lawfully released and waived, either in law or equity, whether direct or indirect (whether by assignment or otherwise), whether under federal law or the law of any state, whether known or unknown, whether based on tort, implied in fact contract, implied in law contract, or express contract, promissory estoppel,

equitable estoppel, unjust enrichment, or other theory of recovery of any nature whatsoever, arising out of Plaintiffs' employment with the Company or separation from the Company, including but without limitation, by reason of any claims, charges, damages, expenses, costs, losses of income, liabilities or actions that are related to the matters which are the subject matter of the Litigation, including but not limited to alleged wage and hour violations, failure to pay overtime compensation, and failure to pay for all hours worked; or any claims arising from any alleged violation of any and all federal, state, or local laws, including the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, the Family and Medical Leave Act, Civil Rights Acts of 1866, 1871, 1964, and 1991, the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, and any other federal, state, or local laws or regulations governing employment relationships. Plaintiffs further affirm that they know of no facts or circumstances that would give rise to a claim of, by, or for either of them under the Family and Medical Leave Act of 1993, as amended. Plaintiffs further agree that they will not institute, participate in, assist in any manner, or opt-in to any class action or collective action filed against the Company.

        3.1   Plaintiffs understand and agree that, with the exception of filings with administrative agencies or participation in administrative agency proceedings, they are waiving the right to file, and agreeing not to file, any complaints or civil actions against the Released Parties relating to any facts or events occurring from the beginning of time to the Effective Date of this Agreement. Plaintiffs understand and agree that they are waiving the right to file, and agree not to file, any further civil actions, or receive any monetary awards arising therefrom regarding any matters arising out of or relating to their employment with or separation from Abercrombie. Plaintiffs further understand that this does not limit their right to seek a judicial determination of the validity of this waiver or to test the knowing and voluntary nature of this waiver.

        4.   <u>Confidentiality and Cooperation</u>. Plaintiffs agree not to, at any time, talk about, disclose, write about or otherwise publicize the fact of or terms of this Agreement, including, but not limited to, the existence and amount of payment under this Agreement, except with: (a) their attorneys or tax advisors, provided that their attorneys and tax advisors agree in advance to keep such information confidential and not to disclose it to others; and (b) upon proper request by any court of competent jurisdiction, the Internal Revenue Service or other governmental agency. In the event that someone inquires about the Litigation, Plaintiffs may only say that the matter has been resolved. Plaintiffs also agree not to speak or communicate regarding their employment with the Company, the Company's policies, their litigation against the Company, or the terms and existence of this Agreement with any person or representative of any person who is known to Plaintiffs either to be adverse to the Company in litigation or to have threatened to commence litigation against the Company, with respect to the pending or threatened legal action, unless Plaintiffs receive the written consent of the Company to do so, or are otherwise compelled by law or upon request by governmental authority with subpoena power to do so, and then only after sending notice to Stacia Marie Jones, Director and Legal Counsel, Abercrombie & Fitch, 6301 Fitch Path, New Albany, Ohio 43054, within ten (10) days of being so compelled or requested. Further, Plaintiffs agree that they will not, unless compelled by law to do so and then only to the extent required by law, assist or participate in any claim, suit, complaint, or grievance brought or which has been brought by any other person against the Company. Nothing herein shall be interpreted to prevent Plaintiffs from filing a charge with the Equal Employment

Opportunity Commission or from speaking with an authorized representative of the Equal Employment Opportunity Commission.

5.      Non-Disparagement.  Plaintiffs agree that they will not at any time or in any manner, and whether directly or indirectly, publish or otherwise state anything disparaging, demeaning or negative about the Company on any social media (e.g., Facebook, Twitter, blogs, etc.) or to any media outlets or publication.

6.      Neutral Reference.  Abercrombie shall respond to inquiries from prospective employers or any other individual or entity requesting information regarding Plaintiffs solely through "The Work Number."  The Work Number will provide only dates of employment, last position held, and, if authorized, final salary.  Plaintiffs shall direct any and all inquiries related to employment directly to The Work Number at 1-800-367-5690, 1-900-555-9675 or www.theworknumber.com.  Abercrombie shall not be responsible for any violations of this provision if Plaintiffs direct employment inquiries generally to Abercrombie or to a specific individual and not to The Work Number.

7.      No Re-employment.  Plaintiffs shall not seek to obtain future employment of any nature with the Company or its related entities, specifically, Abercrombie & Fitch, Abercrombie, and Hollister.  Plaintiffs now waive any and all rights they may have to seek or hold any such employment.  Nothing herein shall in any way obligate the Company to extend an offer of employment to Plaintiffs at any time.  Plaintiffs agree that they have no rights to present or future employment with the Company and that they knowingly and expressly waive any rights they may have to reinstatement under any of the Company's policies.  Further, should Plaintiffs seek reinstatement or apply for future employment in violation of the terms of this section, the Company will not incur liability of any kind or nature by virtue of its refusal to hire Plaintiffs or to consider them for employment.

8.      No Liability or Admission.  Plaintiffs understand that this Agreement is not an admission of any wrongdoing by the Company.  The Company specifically denies any wrongdoing under any federal, state or local statute, public policy, tort law, contract law, or common law.

9.      Modifications.  No modification of this Agreement shall be effective unless it is in writing duly signed by the Parties.

10.     Entire Agreement.   Plaintiffs understand and acknowledge that this Agreement is made without reliance upon any statement or representation other than those expressly described in this Agreement.  This Agreement expresses the full and complete settlement of all liability claimed and denied in the Litigation and is intended to be final and complete.

11.     Enforcement of Provisions.  The Parties agree that if any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

12. <u>Inadmissible Evidence</u>. This Agreement may only be used as evidence in a subsequent proceeding in which either party claims that the Agreement itself has been breached.

13. <u>Counterparts</u>. This Agreement may be executed at different times and locations in counterparts, each of which shall be deemed an original, but all of which together constitute one and the same instrument. It shall not be necessary, in making proof of this Agreement, to produce or account for more than one such counterpart. The Parties agree that this Agreement may be considered signed when the signature of a party is delivered by facsimile or email transmission. Such facsimile or email signature shall be treated in all respects as having the same effect as an original signature

14. <u>Governing Law</u>. The validity, construction, and interpretation of this Agreement and the rights and duties of the Parties shall be governed by the laws of the State of Ohio without regard to any state conflict of law rules.

15. <u>Acknowledgment of Voluntary Act and Intention to Execute Agreement</u>. **PLAINTIFFS HEREBY ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND UNDERSTAND THE TERMS OF THIS AGREEMENT, THAT THEY HAVE BEEN ADVISED AND ENCOURAGED TO CONSULT WITH AN ATTORNEY OF THEIR CHOOSING, THAT THEY HAVE RECEIVED ALL THE ADVICE THEY DEEM NECESSARY CONCERNING THIS AGREEMENT, AND THAT THEY HAVE CHOSEN TO ENTER INTO THIS AGREEMENT FREELY, KNOWINGLY, AND VOLUNTARILY.**

IN WITNESS WHEREOF, the Parties hereby enter this Agreement as indicated by their signatures below. Separate signature pages may be used by the respective Parties and the separate signature pages then integrated as one for purposes of facilitating full execution of this Agreement.

YANA ARUTYUNYAN

_____          Dated: 6/26/14
YANA ARUTYUNYAN

STEPHANIE BARBER

_____          Dated: _____
STEPHANIE BARBER

JOSEPH CHIVERS, ATTORNEY FOR PLAINTIFFS

_____          Dated: _____
JOSEPH CHIVERS

JOHN LINKOSKY, ATTORNEY FOR PLAINTIFFS

_____          Dated: _____
JOHN LINKOSKY

ABERCROMBIE & FITCH STORES, INC.

By: _____      Dated: _____

Its: _____

IN WITNESS WHEREOF, the Parties hereby enter this Agreement as indicated by their signatures below. Separate signature pages may be used by the respective Parties and the separate signature pages then integrated as one for purposes of facilitating full execution of this Agreement.

YANA ARUTYUNYAN

_____          Dated: _____
YANA ARUTYUNYAN

STEPHANIE BARBER

_____/s/ Stephanie Barber_____         Dated: ___6-26-14___
STEPHANIE BARBER

JOSEPH CHIVERS, ATTORNEY FOR PLAINTIFFS

_____          Dated: _____
JOSEPH CHIVERS

JOHN LINKOSKY, ATTORNEY FOR PLAINTIFFS

_____          Dated: _____
JOHN LINKOSKY

ABERCROMBIE & FITCH STORES, INC.

By: _____          Dated: _____

Its: _____

6

IN WITNESS WHEREOF, the Parties hereby enter this Agreement as indicated by their signatures below. Separate signature pages may be used by the respective Parties and the separate signature pages then integrated as one for purposes of facilitating full execution of this Agreement.

YANA ARUTYUNYAN

_____   Dated: _____
YANA ARUTYUNYAN

STEPHANIE BARBER

_____   Dated: _____
STEPHANIE BARBER

JOSEPH CHIVERS, ATTORNEY FOR PLAINTIFFS

*/s/ Joseph Chivers*   Dated: 6/25/14
JOSEPH CHIVERS

JOHN LINKOSKY, ATTORNEY FOR PLAINTIFFS

_____   Dated: _____
JOHN LINKOSKY

ABERCROMBIE & FITCH STORES, INC.

By: _____   Dated: _____

Its: _____

6

IN WITNESS WHEREOF, the Parties hereby enter this Agreement as indicated by their signatures below. Separate signature pages may be used by the respective Parties and the separate signature pages then integrated as one for purposes of facilitating full execution of this Agreement.

YANA ARUTYUNYAN

_____          Dated: _____
YANA ARUTYUNYAN


STEPHANIE BARBER

_____          Dated: _____
STEPHANIE BARBER


JOSEPH CHIVERS, ATTORNEY FOR PLAINTIFFS

_____          Dated: _____
JOSEPH CHIVERS


JOHN LINKOSKY, ATTORNEY FOR PLAINTIFFS

_/s/ John Linkosky_____          Dated: 6/26/14
JOHN LINKOSKY


ABERCROMBIE & FITCH STORES, INC.

By: _____          Dated: _____

Its: _____

6

IN WITNESS WHEREOF, the Parties hereby enter this Agreement as indicated by their signatures below. Separate signature pages may be used by the respective Parties and the separate signature pages then integrated as one for purposes of facilitating full execution of this Agreement.

YANA ARUTYUNYAN

_____        Dated: _____
YANA ARUTYUNYAN


STEPHANIE BARBER

_____        Dated: _____
STEPHANIE BARBER


JOSEPH CHIVERS, ATTORNEY FOR PLAINTIFFS

_____        Dated: _____
JOSEPH CHIVERS


JOHN LINKOSKY, ATTORNEY FOR PLAINTIFFS

_____        Dated: _____
JOHN LINKOSKY


ABERCROMBIE & FITCH STORES, INC.

By: *[signature]*                     Dated: 6/27/14
Its: *Sr. Director - Legal Counsel*

6